19633. ATLANTIC ORCHARD CORPORATION *v.* CALDWELL.

STEPHENS, J. 1. A charge that when "proof" has been submitted by the plaintiff that his account is correct and is due and unpaid, a prima facie case is made for him, and that, "nothing else appearing," he is entitled to a verdict in his behalf, and that "the burden then is on the defendant to make proof of the allegations of its plea or answer," and that, where there is evidence for the plaintiff and for the defendant, it is for the jury to determine from the entire evidence the truth of the case, is not subject to the objection that it instructs the jury that the burden is on the defendant, after a prima facie case has been made by the plaintiff, to establish the defense by a preponderance of the evidence, or that the burden of proof is not upon the plaintiff throughout the entire case to establish the correctness of the plaintiff's claim by a preponderance of the evidence. The charge instructs the jury that when "proof" has been submitted that the plaintiff's account is correct, due, and unpaid, "nothing else appearing," the plaintiff is entitled to a verdict, and it is not subject to the objection that it instructs the jury that upon the mere introduction of evidence that the plaintiff's account is correct due and unpaid, irrespective that there may be other evidence contra, the plaintiff has made a prima facie case and the burden of proof is placed upon the defendant. The charge is not subject to

the objection that it contains an expression of opinion by the court that the evidence of the plaintiff was sufficient to establish a prima facie case for the plaintiff as indicated.

2. The fact of partnership may be established by parol. Although a written contract may show the existence of a partnership, it is not a variation or contradiction of the contract of partnership to show that forty days after it was entered into, the partnership consisted of other persons than those named in the written contract.

3. When it was contracted that an attorney who had a claim for collection should be paid a percentage of the amount in the event of its collection before the filing of a suit, and there was no agreement respecting attorney's fees in the event of the filing of a suit, and the attorney's services were rendered at the trial, the attorney, after the institution of the suit and the rendition of his services at the trial, had no contract for a contingent fee. The trial judge, who was the father of the attorney, was therefore not disqualified from presiding in the case by reason of any interest therein which the son may have had contingent upon a recovery.

4. The evidence made an issue of fact as to whether the defendant was indebted to the plaintiff on the account sued on, and as to whether the plaintiff owed an indebtedness which the defendant, as the transferee, set up by way of counterclaim against the plaintiff. Therefore the verdict found for the plaintiff was authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1930.

*B. F. Neal, Jule Fellon,* for plaintiff in error.
*John M. Greer, John B. Guerry,* contra.